IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 6:09-1006-TMC |
| v. ) | |
| ) | **OPINION & ORDER** |
| Edwin Devaris Washington, ) | |
| Movant. ) | |

This matter is before the court on Edwin Devaris Washington's ("Washington's") motion to modify his sentence pursuant to 18 U.S.C.§ 3582(c)(2). For the following reasons, this motion is denied.

On November 20, 2009, Washington pled guilty to one count of possession with intent to distribute five gams or more of crack cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(B). On May 7, 2010, United States District Judge Henry F. Floyd sentenced Washington to sixty (60) months imprisonment, followed by four (4) years of supervised release. Washington did not appeal his conviction and sentence. He filed this motion pursuant to § 3582(c)(2) on December 19, 2011.

### DISCUSSION

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Hood*, 556 F.3d 226, 231 (4th Cir. 2009)(quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). However, a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision ( e.g., a statutory mandatory minimum term of imprisonment)").

Washington's motion is based on Amendment 750 to the United States Sentencing Guideline § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G.App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). Washington's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(a)(1)(B), not the United States Sentencing Guidelines. Accordingly, Amendment 750 does not lower Washington's applicable sentencing ranges. *See United States v. Hood*, 556 F.3d 226, 228 (4th Cir.2009) (affirming the district court's order concluding it did not have jurisdiction to reduce the defendants' sentences because the sentences were based on a statutory mandatory minimum, not the drug guidelines).

Washington is not entitled to a sentence reduction pursuant to § 3582(c)(2) because his current sentence of 60 months is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather is based on the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 841. *See United States v. Sykes*, 658 F.3d at 1140, 1146 (9th Cir.2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.). Therefore, Washington's Motion for Modification of Sentence is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
January 27, 2012

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.